FILED

**NOT FOR PUBLICATION**

OCT 13 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELOIDA CRUZ AVALOS, a.k.a. Elodia Cruz Avalos, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73600 <br><br> Agency No. A095-197-241 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Eloida Cruz Avalos, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*,

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

321 F.3d 889, 894 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Cruz Avalos failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The BIA did not abuse its discretion by denying Cruz Avalos' motion to reopen as to cancellation of removal because the motion failed to set forth any new facts or present any new evidence to demonstrate the requisite hardship. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

In her opening brief, Cruz Avalos fails to address, and therefore has waived any challenge to, the BIA's determination that her claim of hardship to her younger daughter is moot. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

The BIA did not abuse its discretion by denying Cruz Avalos' motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture because the BIA considered the evidence she

submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**